The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Theodore A. TRUJILLO,
Defendant–Appellant.

No. 86CA0337.

Colorado Court of Appeals,
Div. I.

Oct. 22, 1987.

Rehearing Denied Dec. 10, 1987.

Certiorari Denied April 18, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Judy Fried, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Theodore Trujillo, appeals from the judgments of conviction entered on jury verdicts finding him guilty of second degree burglary and theft. We affirm.

**I.**

Defendant first contends that the trial court committed reversible error in allowing cross-examination of his alibi witness about her affiliation with a street gang because this evidence was irrelevant and prejudicial. We disagree.

"Relationships between a party and a witness are always relevant" to show bias. 3 J. Weinstein & M. Berger, *Weinstein's Evidence* § 607[03] at 607–37 (1987). Cross-examination for bias is liberally permitted because bias is "always relevant as discrediting the witness and affecting the weight of his testimony." 3A J. Wigmore, *Evidence* § 940 at 775 (Chadbourn rev. 1970), *quoted* in *People v. Jones*, 675 P.2d 9 (Colo.1984). *See United States v. Abel*, 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984).

The Colorado Rules of Evidence, like their federal counterparts, do not explicitly allow impeachment for bias. However, parties are afforded wide latitude to impeach witnesses for bias. *See People v. Taylor*, 190 Colo. 210, 545 P.2d 703 (1976); *Smartt v. Lamar Oil Co.*, 623 P.2d 73 (Colo.App.1980).

Moreover, the scope and limits of cross-examination for bias are within the trial court's sound discretion, and its ruling on such matters will not be disturbed absent an abuse of that discretion. *See United States v. Abel, supra; People v. Walker,* 666 P.2d 113 (Colo.1983). So long as the disputed evidence is sufficiently probative of a witness' bias and does not unduly prejudice a defendant, it is admissible. *See United States v. Abel, supra; People v. Taylor, supra;* CRE 401 and 403.

Here, in concluding that the proffered testimony should be admitted the trial court considered its probative value in light of its prejudicial effect, noting specifically that it would not include any evidence of crimes by the street gangs. The prosecution then elicited testimony from the witness that she was a member of the "Steelettes," a girls' street gang affiliated with another gang called the "Steels," to which defendant belonged. The "Steelettes" were often girlfriends of the "Steels," and the witness had dated defendant several times. The witness also testified that the two gangs were loyal to one another, and that a "Steelette" would testify in court for a "Steel."

The witness' personal relationship with the defendant and her membership in a gang loyal to the defendant's gang was probative of bias, and evidence that defendant belonged to a street gang did not unduly prejudice him. *See United States v. Abel, supra.* Thus, the trial court acted within its discretion in admitting this testimony and its ruling will not be disturbed on appeal. *See People v. Lowe,* 660 P.2d 1261 (Colo.1983).

## II.

Defendant next contends that the trial court erred in refusing his tendered instruction that, in order to convict him of second degree burglary, the jury had to find he intended to commit the crime of theft at the time he unlawfully entered the victim's premises. We disagree.

We hold that under § 18–4–203, C.R.S. (1986 Repl.Vol. 8B), a person can be found guilty of second degree burglary if the intent to commit a further crime is formed after entry, but while the person is remaining unlawfully upon the premises. Thus, defendant's tendered instruction was an incorrect statement of the law. *See People v. Czerminski,* 464 N.Y.S.2d 83, 94 A.D.2d 957 (1983). The instruction given by the trial court was framed in the statutory language and correctly informed the jury of the applicable law. *See People v. Freeman,* 668 P.2d 1371, 51 A.L.R. 4th 473 (Colo.1983).

Judgment affirmed.

ENOCH, C.J., and STERNBERG, J., concur.