OPINION OF THE COURT
Kaye, J.
The felony of third degree burglary occurs when a person "knowingly enters or remains unlawfully in a building with intent to commit a crime therein.” (Penal Law § 140.20.) The issue before us is whether, in this case of unlawful entry, the jury should have been instructed that they must find defendant’s intent to commit a crime in the building existed at the *360 time of the entry, or whether no such instruction need have been given, because the "remains unlawfully” element of the statute means that such intent may be formed after defendant’s unlawful entry. We conclude that Penal Law § 140.20 requires that intent to commit a crime in the building exist at the time of the unlawful entry, and we reverse the Appellate Division order that upheld defendant’s burglary conviction.
The People’s evidence at trial showed that in the early morning of February 2, 1985, defendant was arrested as he emerged from the window of a building supply company. Over his own clothes defendant was wearing coveralls and a jacket that belonged to a company employee; pens bearing the company name were in the jacket pocket. Inside the building, several desks were in disarray, but other than the garments and the pens, nothing was missing from the premises and no burglar’s tools were found.
Taking the stand on his own behalf, defendant testified that on February 2, he left the homeless shelter where he had been staying, because he had inadequate funds to remain there, and he set out for a friend’s place, where he planned to spend the night. When defendant found his friend out, he walked further until he reached the building supply company, pushed in a window and entered the building for refuge from the cold and heavy snow that fell that night. Defendant claimed that he did not touch the desks, file cabinets or safe but simply put on the jacket and coveralls to keep warm and stayed near a heating vent until he heard police officers approaching.
In a precharge conference, defense counsel requested that the jury be instructed that, where there is an unlawful entry, in order for a burglary to occur the intent to commit a crime within the building must exist at the time of the entry. Counsel also argued that on the facts of this case — where it was undisputed that defendant’s entry was unauthorized — any reference to "remains unlawfully” should be omitted from the charge. The court refused both requests and charged, without elaboration, that the jury could find defendant guilty of burglary if, at the time of his knowingly unlawful entry or remaining, defendant intended to commit a crime in the building.
During deliberations, the jury asked the court for further instructions on the difference between burglary and trespass, and specifically asked whether "intent has to occur before or after entering the building.” The court reread its earlier *361 instructions. Defense counsel again excepted, arguing that defendant’s commission of a crime as an afterthought following unlawful entry would not transform a trespass and petit larceny into a burglary, and that the jury should be so instructed. In response, the court expressed the view that the Legislature did not intend that a defendant escape prosecution for burglary "in any case where a defendant unlawfully entered a building or premises but not with a specific intent to commit a given crime and thereafter committed * * * a crime in the building”. The Appellate Division affirmed defendant’s conviction, with two Justices dissenting. Concluding that the trial court erred in denying defendant’s requests, we now reverse his burglary conviction and order a new trial.
At common law, burglary was defined "as the breaking and entering of a dwelling of another, at night, with intent to commit a felony therein.” (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 140, at 5 [1975].) Unless the intent to commit a felony existed at the time of the breaking and entry, there was no burglary. Similarly, under the former Penal Law, a defendant who broke and entered with no intent to commit a crime was not guilty of burglary, though later deciding to commit a crime on the premises (People v Haupt, 247 NY 369, 371).
When the Penal Law was revised in 1965, burglary in the third degree was defined as "knowingly enters or remains unlawfully in a building with intent to commit a crime therein.” (Penal Law § 140.20; emphasis added.) The People’s contention in essence is that the addition of "remains unlawfully” — a concept unknown at common law or in the former Penal Law — abrogates the requirement of intent to commit a crime at the time of unlawful entry. All that is now required, according to the People, is that defendant commit a crime while unlawfully on the premises. On its face, the statute could be read to support this interpretation.
This interpretation is, however, not consistent with the purpose of classifying burglary as a separate and relatively more serious crime. As commentators have pointed out, burglary is in fact a form of attempt crime, since the crime the unlawful intruder intended to commit need not be completed. The development of burglary as an independent felony resulted from two deficiencies in the early law of attempt: that an attempt could not be penalized until the last act short of completion had occurred, and that the conduct was in any *362 event punishable only as a misdemeanor (see, Denzer and McQuillan, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 140, at 331-332 [1967]; Model Penal Code and Commentaries, Official Draft and Revised Comments § 221.1, at 62-63).
These gaps in the laws of attempt have now been remedied. An attempt need not encompass the final act toward the completion of the offense (People v Bracey, 41 NY2d 296, 300), and is punishable as an offense of the same grade or a single lesser grade of severity as the completed crime (Penal Law § 110.05). Nonetheless, the Legislature has continued to penalize burglary as a serious felony — rather than simply punish the trespass and the attempted or consummated crime within a building — because of the heightened danger posed when an unlawful intrusion into a building is effected by someone bent on a criminal end. A defendant who simply trespasses with no intent to commit a crime inside a building does not possess the more culpable mental state that justifies punishment as a burglar.[1]
We conclude, therefore, that the Legislature had no such purpose. The statute contains no clear and explicit direction to change the long-standing rule (see, People v King, 61 NY2d 550, 554). To the contrary, the Legislature was plainly addressing a different factual situation — not one of unlawful entry but of unauthorized remaining in a building after lawful entry (as a shoplifter who remains on store premises after closing). As we observed in People v Licata (28 NY2d 113), " '[t]he word "remain” in the phrase "enter or remain” is designed to be applicable to cases in which a person enters with "license or privilege” but remains on the premises after termination of such license or privilege.’ ” (Id., at 117, quoting Denzer and McQuillan, Practice Commentary, op. cit., at 341-342; 2 CJI[NY] PL 140.20; 2 LaFave & Scott, Substantive Criminal Law § 8.13 [b], at 468.) By the words "remains unlawfully” the Legislature sought to broaden the definition of criminal trespass, not to eliminate the requirement that the act constituting criminal trespass be accompanied by contemporaneous intent to commit a crime.
*363 In order to be guilty of burglary for unlawful remaining, a defendant must have entered legally, but remain for the purpose of committing a crime after authorization to be on the premises terminates. And in order to be guilty of burglary for unlawful entry, a defendant must have had the intent to commit a crime at the time of entry. In either event, contemporaneous intent is required.[2]
The trial court committed error in denying defendant’s charge requests. The court should not have referred to unlawful remaining in its burglary charge, since the situation to which that language applies was not present in the case. Most importantly, defendant was entitled to a charge clearly stating that the jury must find that he intended to commit a crime at the time he entered the premises unlawfully.
Failure to give such an instruction compels reversal in this case. The jury could have concluded from defendant’s testimony that he intended no crime when he broke into the building. Notably, by their specific questions, the jurors indicated that they had focused upon the time defendant’s criminal intent was formed, in the correct belief that it should be determinative of whether defendant had committed a trespass or a burglary. However, the charge given by the court could have misled the jurors into thinking that any illegal entry constituted a burglary when coupled with a subsequent crime, and it was therefore reversible error (see, People v Blacknall, 63 NY2d 912, 914).
In that a new trial is necessary, we do not reach defendant’s additional contention that he was improperly sentenced as a predicate felon because the Mississippi burglary statutes (under which he was previously convicted) lacked an essential element of the analogous New York crime.
Accordingly, the Appellate Division order should be reversed and a new trial ordered.
Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.

. This is not to suggest, however, that the People are required to prove that defendant intended to commit any particular crime within a building. Moreover, defendant’s intent to commit a crime may be inferred from the circumstances of the entry, under a proper instruction (see, People v Barnes, 50 NY2d 375, 381).

. New York’s pattern criminal jury instructions place the word "remains” in brackets, indicating that the defendant has either entered or remained unlawfully, but not both (see, 2 CJI[NY] PL 140.20).