■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FERGUSON, Appellant.—

The trial evidence establishes that the defendant was found sleeping in a dwelling he was not authorized to enter (the Bohrer dwelling) by a police officer who followed the defendant's footprints in the snow from a neighboring dwelling (the Locke dwelling), which the defendant had also broken into, and which he left in disarray. Moreover, a vehicle, which the defendant acknowledged he had been driving, was found abandoned at the Locke dwelling. The physical evidence indicated that the vehicle had skidded and become stuck in the snow. Underneath its wheels were some chair cushions. Inside the vehicle were some items belonging to the owner of the Locke dwelling. The defendant, who took the stand in his own defense, testified that on the date of his arrest he had been drinking and partying, that while drunk he borrowed a car

from his friend, and that the next thing he remembered was being awakened by the police officer in the Bohrer dwelling.

With respect to the burglary of the Locke dwelling, the trial court instructed the jury that among the elements the People must prove is that: "at the time of his unlawful entry and remaining he intended to commit a crime within the dwelling. The crime of burglary is separate and distinct from any crime which a person does commit within the dwelling. A person commits a burglary when the person knowingly and unlawfully enters and remains in the dwelling with the intent at that time to commit a crime therein". The defendant's attorney requested that the court clarify for the jury that the intent to commit a crime must have existed at the time of the unlawful entry. The trial court declined to do so.

Although there is no basis for disturbing any of the other counts of the indictment of which the defendant was convicted, the Court of Appeals decision in *People v Gaines* (74 NY2d 358) makes clear that the charge on burglary in the second degree, which the defendant sought to have clarified, was erroneous and that the defendant's request should have been granted. In *People v Gaines (supra,* at 363), the court held:

"[D]efendant was entitled to a charge clearly stating that the jury must find that he intended to commit a crime at the time he entered the premises unlawfully.* * *

"The jury could have concluded from defendant's testimony that he intended no crime when he broke into the building.* * * [T]he charge given by the court could have misled the jurors into thinking that any illegal entry constituted a burglary when coupled with a subsequent crime, and it was therefore reversible error" *(see also, People v Blacknall,* 63 NY2d 912).

Although the circumstantial evidence presented at trial supports the burglary judgment of conviction, we cannot say that the error in the charge concerning the element of that crime which distinguishes it from simple trespass was harmless *(cf., People v Gaines, supra).* We therefore reverse the defendant's conviction for burglary in the second degree and order a new trial on that count of the indictment.

With respect to the defendant's contention that his sentence was excessive, insofar as it might be directed at the concurrent sentences imposed on the lesser counts, which have already been served, his claim is academic *(see, People v Skaar,* 97 AD2d 484). Insofar as he challenges the sentence

imposed for burglary in the second degree there is no need to reach this claim in light of our determination. Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.