■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS ROBERTS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered May 19, 1988, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and the indictment is dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the County Court, Nassau County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the Sheriff pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof (cf., CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the County Court, Nassau County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury.

In his opening, the prosecutor urged the jury to convict the defendant of burglary in the first degree either on the theory that the defendant illegally entered a dwelling with the intent to commit a larceny, or on the theory that the defendant, while illegally remaining within the dwelling, formed the intent to commit an assault. In opposing the defendant's motion for a trial order of dismissal, the prosecutor repeated his position that the evidence established burglary in the first degree on these two alternative theories. As stated by the prosecutor, it was the People's theory that the defendant entered the premises in order to commit a larceny, and "that when confronted by the victim [the defendant] formed the intent to commit assault and went further and committed that assault".

In its charge to the jury, the court defined the elements of burglary in the first degree in such a way as to permit the jury to find the defendant guilty of that crime either upon the theory that the defendant entered the premises with intent to commit a larceny, or upon the theory that while remaining illegally on the premises in question, he formed the intent to commit an assault. The court expressly told the jury that "the People's theory is that the defendant knowingly entered and remained unlawfully with the intent to commit either the crime of larceny or the crime of assault". In defining the

lesser included offense of burglary in the second degree, the court again permitted the jury to convict the defendant of burglary upon a finding that he "enter[ed] *or* remain[ed] unlawfully" in the building in question.

The prosecutor took exception to the court's charge, correctly noting that, at some points, the court had defined burglary in terms of entering *and* remaining unlawfully, while at other points the court had defined burglary in terms of entering *or* remaining. Although defense counsel initially took no exception to the charge, he responded to the prosecutor's objection by noting that the indictment charged the defendant with burglary in terms of entering *and* remaining.

On appeal, the defendant's principal argument is that the prosecution was bound to prove that the defendant intended to commit both larceny *and* assault. We reject this argument because we find that the prosecution did not limit itself in this way, either by the terms of the indictment, or otherwise *(cf., People v Barnes,* 50 NY2d 375). On the contrary, the People consistently pursued two alternative theories, arguing that the defendant could properly be convicted of burglary based either on intent to commit larceny or on intent to commit assault.

This trial strategy, however, raises a separate question which, under the particular circumstances of this case, should be reached in the interest of justice. In *People v Gaines* (74 NY2d 358), it was held that, in general, all burglary convictions require proof that, at the time of his entry upon a premises, the defendant intended to commit a crime *(see also, People v Ferguson,* 158 AD2d 712). Burglary may be proved based on an illegal "remaining", as opposed to an illegal "entry", only where there is proof that the defendant's original entry onto the premises was authorized *(People v Gaines, supra,* at 363). The court further held that it is error to charge the jury that a burglary conviction may be based upon proof of an illegal "remaining", except in those cases where there is proof that the defendant had already formed a criminal intent when he *legally* entered or remained upon the premises in question *(People v Gaines, supra,* at 363). Accordingly, in the typical burglary case, the "or remains" language should be omitted from the charge *(see, People v Santiago,* 158 AD2d 996).

There is no proof in the present case from which it could be inferred that the defendant's entry onto the premises in question was legal. Therefore, in accordance with the holding of the *Gaines* case *(supra),* so much of the court's charge as allowed the jury to base its burglary conviction upon proof

that the defendant formed his criminal intent while remaining on the premises must be considered erroneous. The People should have been required to prove that the defendant intended to commit a crime at the time he entered the premises, and the "or remains" language should have been omitted from the charge *(People v Gaines, supra,* at 363; *People v Ferguson, supra; People v Santiago, supra).*

We therefore reverse the judgment of conviction, as a matter of discretion in the interest of justice, and order a new trial. Mangano, P. J., Bracken, Kooper and Balletta, JJ., concur.