■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY KIRKLAND, Appellant.—Judgment modified as a matter of discretion in the interest of justice and as modified affirmed and matter remitted to Monroe County Court for further proceedings, in accordance with the following memorandum: We reverse defendant's conviction of burglary in the second degree, in this case of unlawful entry, and grant a new trial because the trial court committed reversible error when it included the "or remains" language in its charge to the jury on burglary in the second degree *(see, People v Gaines,* 74 NY2d 358, 363; *People v Santiago,* 158 AD2d 996, *lv denied* 75 NY2d 970). Here, the court should not have referred to unlawful remaining in its burglary charge since the situation to which that language applies was not present in this case. Under the circumstances of this case, "the charge given by the court could have misled the jurors into thinking that any illegal entry constituted a burglary when coupled with a subsequent crime" *(People v Gaines, supra,* at 363). Thus, "defendant was entitled to a charge clearly stating that the jury must find that he intended to commit a crime at the time he entered the premises unlawfully" *(People v Gaines, supra,*

at 363; *see,* CPL 300.10 [2]; *People v Santiago, supra).* Since the evidence of guilt in this case is not overwhelming, we reverse and grant a new trial in the interest of justice even though defendant failed to except to the charge as given *(see, People v La Susa,* 87 AD2d 578; *People v Almond,* 37 AD2d 571, 572).

We find that defendant's argument that he was deprived of a fair trial due to prosecutorial misconduct during summation lacks merit *(cf., People v Mott,* 94 AD2d 415).

All concur, except Balio, J., who dissents in part and votes to affirm, in the following memorandum.

Balio, J. (dissenting). I agree with the majority that there is no merit to defendant's contention that prosecutorial misconduct deprived him of a fair trial. I also agree that the trial court erred in its charge to the jury regarding intent. In my view, however, this unpreserved error does not warrant the exercise of our discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). There was ample evidence to support a jury finding that defendant intended to commit a crime at the time he forced his entry into the premises. (Appeal from judgment of Monroe County Court, Marks, J.—burglary, second degree.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.