■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY NELSON, Appellant.—Judgment unanimously affirmed. Memorandum: Although the trial court erred by including the "or remains" language in its charge to the jury on burglary in the second degree under the facts of this case *(see, People v Gaines,* 74 NY2d 358; *People v Santiago,* 158 AD2d 996, *lv denied* 75 NY2d 970; *People v Ferguson,* 158 AD2d 712), defendant, by failing to object to the charge as given, has failed to preserve this issue for review as a matter of law (CPL 470.05 [2]). We decline to reverse defendant's conviction in the interest of justice. The evidence of defendant's guilt is overwhelming. Moreover, defendant did not rely upon the defense that he lacked the requisite intent to commit a crime at the time of his unlawful entry *(cf., People v Kirkland,* 168 AD2d 900; *People v Santiago, supra)*. Consequently, under the circumstances of this case, we cannot conclude that the charge as given misled the jury. (Appeal from Judgment of Supreme Court, Erie County, Marshall, J.—Burglary, 2nd Degree.) Present—Doerr, J. P., Denman, Green, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL L. BEYOR, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's suppression motion was properly denied. The court was entitled to believe the police officers' testimony that defendant was given his *Miranda* rights before he was questioned, that he waived those rights, and that he was not threatened or coerced. (Appeal from Judgment of Steuben County Court, Finnerty, J.—Attempted Burglary, 3rd Degree.) Present—Doerr, J. P., Denman, Green, Balio and Davis, JJ.