■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO LARACUENTE, Appellant.—Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J., at trial; Herman Cahn, J., at hearing) convicting defendant, after a jury trial, of burglary in the second degree, obscenity in the third degree, and three counts of endangering the welfare of a child, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years for the burglary conviction and 1 year for each of the other convictions, unanimously modified, on the law, to the extent of vacating the obscenity conviction and dismissing that count, and otherwise affirmed.

Defendant, at 3:00 A.M., high on crack, and having just robbed a neighbor, broke into the victims' apartment, apparently through the bathroom window, and ransacked the medicine cabinet. Three young girls in the residence awoke to find defendant, naked from the waist down, masturbating in their direction. Police, responding minutes later, found defendant on the top floor landing, exiting to the roof. As all the parties knew each other and lived in the same building, identification was not seriously in issue. Defendant interposed a defense of intoxication, calling as a witness another neighbor he had just robbed to testify to his condition, this to negate intent as to the endangering the welfare and obscenity charges.

We reject defendant's challenge to the legal sufficiency of the burglary charge. The indictment properly charged defen-

dant only with a general intent to commit a crime within the premises (see, People v Barnes, 50 NY2d 375, 379, n 3), which could be inferred from the circumstances of the entry (People v Gaines, 74 NY2d 358, 362, n 1), as well as the proof that defendant had been leering at one of the girls the previous day.

The obscenity conviction, however, must be reversed. Although the definition of "performance" found in Penal Law § 235.00 (3) does not explicitly require that the exhibition be before an audience of willing viewers, implicit in the statutory scheme of the obscenity statute is a concern with a public dimension. Moreover, the trial evidence does not support the accusatory language in the indictment that defendant produced or directed an obscene performance. Without a CPL article 440 motion, the trial record is inadequate to permit review of defendant's claim that his counsel was ineffective. (People v Love, 57 NY2d 998, 1000.)

Many of defendant's remaining claims are unpreserved, and all are without merit. Concur—Carro, J. P., Kupferman, Ross and Asch, JJ.