■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN B. BROWN, Appellant. [628 NYS2d 982] —Judgment affirmed. Memorandum: Defendant contends that the prosecutor improperly exercised a peremptory challenge on the basis of race *(see, Batson v Kentucky,* 476 US 79; *People v Scott,* 70 NY2d 420). Even assuming, arguendo, that defendant made a prima facie showing of discrimination, we conclude that the prosecutor came forward with a race-neutral explanation for having exercised that peremptory challenge *(see, People v Childress,* 81 NY2d 263, 266; *People v Hernandez,* 75 NY2d 350, 355, *affd* 500 US 352). The contention that prosecutorial misconduct on summation deprived defendant of a fair trial is unpreserved for our review *(see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

We reject defendant's further contention that the trial court's supplemental instruction to the jury concerning the charge of burglary in the third degree requires reversal. Defendant contends that the supplemental instruction changed without notice the People's theory of the crime that defendant

intended to commit upon entering the building from petit larceny to theft of services and raised issues not addressed by the proof. The People were not required to specify the crime that defendant intended to commit upon entering the building *(see, People v Mackey,* 49 NY2d 274, 278-279). They did not specify a crime, and, a fortiori, they were not required to give notice of a possible crime that was raised for the first time by the trial testimony of defendant. Defendant's further contention that the supplemental charge raised issues not addressed by the proof is related to the legal sufficiency of the proof of burglary, not the propriety of the supplemental charge. In his separate argument on legal sufficiency, however, defendant does not address the use of the air hose; he contends only that the proof of intent to take money when he entered the building is legally insufficient.

We have examined defendant's remaining contentions and conclude that they are lacking in merit.

All concur except Boehm, J., who dissents in part and votes to modify in the following Memorandum.

Boehm, J. (dissenting in part). The trial court's flawed response to the jury transformed a question of law into a question of fact and clearly "infected or tainted" the verdict *(People v Crimmins,* 36 NY2d 230, 242). I, therefore, respectfully dissent in part.

The factual setting of the case is not complex. At about 2:00 A.M., the police apprehended defendant on a small landing in the upstairs portion of a service station that was closed for the night. The cash register in the service station was empty. When apprehended, defendant had $91.60 on his person, approximately the amount of money that had been in the register. After being *Mirandized,* defendant told the police that he had entered through the back garage door window, had taken the money from the cash register, and was the owner of the bicycle found at the scene.

At trial, defendant testified that, as he was riding the bicycle to a friend's house, he noticed that it had a soft tire. He stopped at the service station for air to inflate the tire. Defendant saw an air pump outside the station, but the hose was missing. He looked in a window, which, according to him, gave way as he leaned against it. Seeing a hose inside, defendant entered through the window with the intent to use the hose. The hose would not fit the air pump and, as defendant was looking for another hose, he noticed that the cash register was slightly open. Defendant took the money from the register and continued his search for another hose. Hearing the police ap-

proach, he fled upstairs where he was apprehended. Defendant was convicted of burglary in the third degree, petit larceny, criminal possession of stolen property in the fifth degree and criminal mischief in the fourth degree.

The court correctly charged the jury that, in order to find defendant guilty of burglary in the third degree, the People must prove beyond a reasonable doubt that defendant entered the service station unlawfully and that, at the time of entry, he intended to commit a crime therein *(see, People v Gaines,* 74 NY2d 358, 363; Penal Law § 140.20). During its deliberation, the jury sent this note to the court: "Regarding burglary 3rd determination, to be guilty of burglary, must the intent be related to the property, 'money' subsequently taken, or, is the intent to take the hose relevant? If intent to remove the hose is relevant to the intent issue, does the intent to appropriate it for temporary use change anything?"

After discussion with counsel, and over the objection of defendant, the court responded to the jury:

"It will be up to you, ladies and gentlemen, to determine whether, at the time the defendant, if in fact, you find he unlawfully entered the building, whether at the time he did that, contemporaneously with that entry, whether he intended to commit some crime within that building or attempt to commit some crime within that building. The intent to commit a crime on the premises must be contemporaneous with the defendant's unlawful entry. In other words, the intent to commit a crime on the premises, which is one of the required elements of burglary, may not be formed after the unlawful entry. According to the law, a person intends to commit a crime when his conscious aim or objective is to commit that crime.

"Now, getting on to the second part of your note, about the relevancy of the hose being used or taken. You must determine whether or not there was authority or permission granted to do that with the hose, and whether or not that with the hose was unlawful. As to your question of the intent to remove the hose, is it relevant to the intent issue regarding the temporary, does temporary use change anything? I think I have answered that by my last comment to you."

Defendant objected on the ground that burglary based upon intent to use the hose was not a part of the indictment, and on the further ground that using an air hose "clearly is not a larceny, a theft of service, or anything."

The court's supplemental instruction with respect to the hose was error. It does not require extended discussion to see why. If the jury accepted defendant's version of the event, de-

fendant could not be guilty of burglary in the third degree because that crime requires an entering or remaining unlawfully in a building "with intent to commit a crime therein" (Penal Law § 140.20). Contemporaneous intent is required. At most, if his story be believed, defendant's entry constituted a trespass (Penal Law § 140.05). "A defendant who simply trespasses with no intent to commit a crime inside a building does not possess the more culpable mental state that justifies punishment as a burglar" *(People v Gaines, supra,* at 362; *see, People v Martin,* 59 NY2d 704).

The intent of defendant to use the hose to inflate his tire hardly amounted to criminal intent; he did not intend to deprive the owner of the hose or to appropriate it to his own use. Admittedly, he intended to take or appropriate the air, but air is not property as it is defined in the Penal Law *(see,* Penal Law § 155.00 [1]). Thus, defendant could not be guilty of larceny *(see,* Penal Law § 155.05). Defendant would not be guilty of theft of services, either. He did not obtain the air "with intent to avoid payment" (Penal Law § 165.15 [4] [a]). There is no evidence that the owner of the garage charged for the air. In fact, again accepting defendant's version, there is no evidence of an intent to commit any crime separate and apart from the trespass.

Therefore, "[t]he jury could have concluded from defendant's testimony that he intended no crime when he broke into the building. Notably, by their specific questions, the jurors indicated that they had focused upon the time defendant's criminal intent was formed, in the correct belief that it should be determinative of whether defendant had committed a trespass or a burglary" *(People v Gaines, supra,* at 363).

The jury's acute question whether the intent "must * * * be related to the property, 'money' subsequently taken, or, is the intent to take the hose relevant?" required an instruction by the court that the intent to take the hose was certainly relevant to the issue of an intent to commit a crime. The court should have advised the jury that "the intent to appropriate it for temporary use" would indeed make a difference or, in the jury's words, "change anything", because such temporary use would not establish the underlying crime necessary to convict defendant of burglary. Instead, the court told the jury that it "must determine * * * whether or not that with the hose was unlawful." Thus, the jury became not only the judge of the facts but of the law, as well.

Had the jury been properly instructed, there is a "significant probability" that it would have acquitted defendant *(People v*

*Crimmins, supra,* at 242). The error, therefore, may not be deemed harmless, and I would modify the judgment by reversing defendant's conviction of burglary in the third degree and grant a new trial on that count of the indictment. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Burglary, 3rd Degree.) Present—Pine, J. P., Lawton, Wesley, Callahan and Boehm, JJ.