**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Don A. ANGELL, Defendant–Appellant.**

No. 94CA1912.

Colorado Court of Appeals, Div. III.

Oct. 12, 1995.

Rehearing Denied Dec. 7, 1995.

Certiorari Denied June 10, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor Gener-

al, Matthew S. Holman, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge BRIGGS.

Defendant, Don A. Angell, appeals a judgment of conviction entered on jury verdicts finding him guilty of second degree burglary and theft. He also challenges the sentences imposed for those convictions. We affirm the judgment but vacate the sentences and remand for resentencing.

Defendant entered the victim's home by removing a sliding glass door from its track. After staying in the home for a short period of time, he left, taking with him items belonging to the victim.

In statements following his arrest, defendant admitted planning the burglary, breaking into the victim's home, and stealing property of the victim. However, at trial defendant testified that he knew the victim, had stayed at the house in the past, and believed the victim would have given him permission to do so again on this occasion.

In his opening and closing arguments, defense counsel offered a different theory of defense. He conceded that defendant entered the house unlawfully but argued that defendant had no intent to steal any of the victim's possessions before he entered. Hence, defense counsel maintained that defendant was guilty of trespass but not burglary.

Defendant was convicted and sentenced to ten years imprisonment for the burglary conviction and received a concurrent five-year sentence for the theft conviction. This appeal followed.

I.

Defendant contends his constitutional rights to due process and a trial by jury were violated because of two deficiencies in the elemental instruction on second degree burglary. We find no reversible error.

The jury was given an instruction on the elements of second degree burglary that tracked the applicable statute, § 18–4–203(1), C.R.S. (1986 Repl.Vol. 8B). It stated:

1. That the defendant,

2. in the State of Colorado, at or about the date and place charged,

3. knowingly,

4. broke an entrance into or entered or remained unlawfully in a dwelling,

5. with intent to commit therein the crime of Theft.

In a separate instruction, consistent with § 18–4–201(3), C.R.S. (1986 Repl.Vol. 8B), the jury was also informed:

Concerning the charges of Second Degree Burglary and Theft in this case, certain words or phrases have a particular meaning.

. . . .

UNLAWFULLY ENTERS OR REMAINS means a person who enters or remains in or upon premises when he is not licensed, invited, or otherwise privileged to do so.

■ Defendant's first contention is that, because the instruction did not specifically inform the jury it must find that the entry into the dwelling was unlawful, an essential element of the offense was removed from the jury's consideration.

■ We initially note that there was no objection to the instruction. Hence, we must consider defendant's arguments under a plain error standard of review. Under this standard, defendant must demonstrate not only that the instruction affected a substantial right but also that the record reveals a reasonable possibility that the error contributed to his conviction. *People v. Rubanowitz*, 688 P.2d 231 (Colo.1984).

Even if the instruction could have been worded more clearly, reversal is not required. Defendant forcibly removed the back sliding glass door. He admitted he did not turn on the lights in the house because he feared a neighbor would call the police. In a written statement defendant admitted breaking into the victim's home. And, he confessed to a detective that the burglary was planned the night before it occurred.

The evidence that defendant was unlawfully in the victim's home was overwhelming. Indeed, defense counsel conceded this point to the jury. Therefore, the failure to provide further clarification on this element of the crime does not constitute plain error. *See People v. Cowden,* 735 P.2d 199 (Colo.1987). *People v. Esquibel,* 794 P.2d 1065 (Colo.App. 1990).

Defendant also contends the court committed reversible error by including in the instruction the language "or remained unlawfully" because it improperly suggested that defendant's intent to commit a crime inside the house did not have to be formed at the time of entry into the house. We again disagree.

■ A person can be found guilty of second degree burglary pursuant to § 18–4–203(1) if the intent to commit a crime is formed after entry but while the person remains unlawfully on the premises. *People v. Trujillo,* 749 P.2d 441 (Colo.App.1987).

Contrary to defendant's argument, we conclude that no different result is required if the initial entry is unlawful rather than lawful. Under defendant's construction of the second degree burglary statute, one who enters lawfully but remains unlawfully and then forms the intent to commit another crime may be convicted of burglary, while one who enters unlawfully and thereafter likewise forms the intent to commit another crime may not. We presume the General Assembly did not intend such an absurd result. *See* § 2–4–201, C.R.S. (1980 Repl.Vol. 1B); *People v. Bland,* 884 P.2d 312 (Colo.1994).

## II.

■ Defendant also contends that the sentences must be vacated because the trial court did not consider the correct sentencing range when imposing the sentences in this case. We agree.

The record shows that defendant committed second degree burglary and theft on December 23, 1993. Second degree burglary of a dwelling is a class 3 felony, *see* § 18–4–203(2)(a), C.R.S. (1986 Repl.Vol. 8B), and the theft in this case, because of the dollar amount involved, is a class 4 felony. *See* § 18–4–401(2)(c), C.R.S. (1995 Cum.Supp.). Pursuant to 1993 amendments to the felony sentencing statute, the presumptive penalty range for a class 3 felony committed on or after July 1, 1993, is four to twelve years imprisonment, and the presumptive penalty range for a class 4 felony is two to six years. Section 18–1–105(1)(a)(V)(A), C.R.S. (1995 Cum.Supp.).

At the sentencing hearing the parties acknowledged that the court was required to impose sentences in the aggravated range because defendant was on escape status from a community corrections facility at the time he committed these offenses. *See* § 18–1–105(9)(a)(V), C.R.S. (1995 Cum.Supp.). However, for reasons not clear in the record, the parties believed and informed the court that the sentencing range for the burglary conviction was ten to thirty-two years and that the sentencing range for the theft conviction was five to sixteen years. These ranges represent the aggravated sentencing ranges for sentences imposed for offenses committed after July 1, 1985, and before July 1, 1993. *See* § 18–1–105(1)(a)(IV), C.R.S. (1995 Cum. Supp.). No presentence report was prepared which might have set forth the correct sentencing ranges for defendant's convictions.

The court did recite on the record a number of factors warranting the imposition of a ten-year sentence for burglary and a concurrent five-year sentence for theft. However, there is nothing in the record to suggest that the court or the parties were aware of the 1993 amendments to the sentencing statute and the correct sentencing ranges for the offenses underlying defendant's convictions. Under these circumstances, it is necessary to remand the case to the trial court for reconsideration of defendant's sentences in light of the 1993 amendments to the sentencing statute. *See People v. Wells,* 691 P.2d 361 (Colo. App.1984).

The judgment is affirmed, the sentences are vacated, and the cause is remanded for reconsideration of defendant's sentences in light of the views expressed herein.

HUME and NEY, JJ., concur.