■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERRY PACK, Appellant. [670 NYS2d 780] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered May 22, 1996, convicting him of rape in the first degree, sodomy in the first degree, and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of burglary in the first degree, and the sentence imposed thereon, and remitting the matter to the Supreme Court, Queens County, for a new trial on that charge only; as so modified, the judgment is affirmed.

In the instant case, the indictment charged, *inter alia,* that the defendant "knowingly entered *and* remained unlawfully" in the apartment of the victim (emphasis added). However, in its instructions to the jury, the trial court charged that "a person is guilty of burglary in the first degree when he knowingly enters *or* remains unlawfully in a dwelling" (emphasis added). As the People concede, the court erred in charging alternate theories of burglary in a single count (*see, People v Gaines,* 74 NY2d 358; *People v Roberts,* 162 AD2d 729). Accordingly, the defendant's conviction of burglary in the first degree must be reversed, and the matter remitted for a new trial on this count of the indictment.

We note that although we are reversing the conviction of burglary in the first degree on the charge error, the evidence was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt.

The defendant's remaining contention does not warrant reversal. Joy, J. P., Krausman, Florio and Luciano, JJ., concur.