Justice RICE
dissenting:
In the course of evaluating the validity of a jury instruction, the majority carves out a new two-prong standard for adjudicating the requisite intent for a second degree burglary conviction. The majority holds that a “jury must find that the defendant either: (1) broke and entered or unlawfully entered with the intent to commit a crime therein; or (2) entered lawfully but subsequently remained unlawfully with the intent to commit a crime therein.” Maj. op. at 1241 (emphasis added). The majority opinion excludes from burglary culpability the defendant who enters unlawfully with no intent to commit a crime, but who later changes his mind and remains on the premises unlawfully with the intent to commit a crime.
In my opinion, the plain language of the second degree burglary statute, our case law interpreting this section’s purpose, and contrary interpretations of nearly identical statutes in a number of other jurisdictions lead me to disagree with the majority’s newly crafted standard.[1] I believe that our statute allows convictions for second degree burglary so long as the defendant formed the intent to commit a crime while unlawfully remaining on the premises, regardless of the legality of the entry. Hence, I respectfully dissent.
I turn first to the plain meaning of the statute. As the majority notes, the second degree burglary statute provides: “A person commits second degree burglary if he knoiv-ingly breaks an entrance into, or enters, or remains unlawfully, in a building or occupied structure with intent to commit therein a crime against person or property.” § 18-4-203(1) (emphasis added). The “remains unlawfully” language was added to the statute upon its repeal and reenactment in 1971. See Ch. 121, sec. 1, § 4-4-203, 1971 Colo. Sess. Laws 427.
The general rule regarding statutory construction demands that we first look to the statutory language itself. See, e.g., People v. Terry, 791 P.2d 374, 376 (Colo.1990). Moreover, we as a court may not rewrite a statute to conform to intentions that the General *1244 Assembly did not express. See, e.g., Walker v. People, 932 P.2d 303, 309 (Colo.) (noting that supreme court’s task in construing a statute is to ascertain and to give effect to the intent of the General Assembly, not to second guess its judgment), cert. denied, — U.S. -, 118 S.Ct. 212, 139 L.Ed.2d 147 (1997).
In my opinion, the plain meaning of the language of the statute lends no support to the majority’s distinction between instances of unlawful as opposed to lawful entry. In fact, the statute does not distinguish between lawful and unlawful entries ‘at all. Given the plain language of the statute, therefore, it does not follow that the “remaining unlawfully” provision is confined to those situations where the initial entry was lawful. Under the majority’s interpretation of the statute, one who enters lawfully but then remains unlawfully and forms the intent to commit another crime therein is guilty of burglary, while one who enters unlawfully and thereafter forms that same intent is guilty only of trespass. To distinguish between equally culpable defendants in these two scenarios would create an anomalous result. Therefore, I would -refuse to imply the distinction the majority advances.
While it is true that this issue is one of first impression before this court, the majority also fails to give due consideration to the fact that this issue has been previously addressed by other Colorado courts. In fact, the majority’s holding would overrule two court of appeals decisions which approved jury instructions for second degree burglary after finding that the defendant could form the necessary intent while unlawfully remaining after entering unlawfully. See People v. Angell, 917 P.2d 312, 314 (Colo.App.1995); People v. Trujillo, 749 P.2d 441, 442 (Colo. App.1987).
The majority opinion suggests that overruling current precedent is appropriate because of the legislative history of this statute. Specifically, the majority states that our legislature intended to adopt the statutory language from section 145 et seq. of New York’s Penal Code “without material change.” 1963 C.R.S. § 40-4-201 cmt. at 306 (1971 Supp.). As the majority correctly notes, where the General Assembly substantially adopts another state’s statute, it presumably intends the courts of this state to accord the statute the same construction given it by the courts of the other state prior to its adoption in Colorado. See maj. op. at 1240 (citing Hoen v. District Court, 159 Colo. 451, 457, 412 P.2d 428, 431 (1966)).
To this end, the majority argues that, prior to our state’s adoption of the “remains unlawfully” language, New York case law interpreted New York’s “remains unlawfully” language, and further, that the New York court’s interpretation is binding on us. However, the majority’s reliance on New York cases as precedent in the instant case is misplaced. Specifically, the majority relies on People v. Licata, 28 N.Y.2d 113, 320 N.Y.S.2d 53, 268 N.E.2d 787, 788 (N.Y.1971), a case which antedated our legislature’s adoption of the “remains unlawfully” language by three months,[2] in support of its assertion that New York law prior to the enactment of our statute limited the unlawfully remaining clause in its burglary statute to situations where a defendant entered a premise lawfully. See maj. op. at 1241. In doing so, however, the majority fails to note that Licata interpreted the “remains unlawfully” language in the context of a criminal trespass case, not in the context of a burglary charge.
Therefore, in order to apply Licata to the instant case, the majority has made a presumption about our legislature’s intent in 1971 - namely, that New York courts would have ultimately extended Licata to the crime of burglary[3] or, in the alternative, that our *1245 legislature intended to adopt New York’s definition of criminal trespass as well as its definition of burglary. As we are not free to attribute this intent to our legislature absent express language to that effect, we are not bound by New York law in the instant case.
Because I do not believe New York law is controlling, the case law of other jurisdictions is instructional. Seven additional jurisdictions - the majority of those which have decided this issue - have held that the intent to commit the underlying crime may be formed after entry and while unlawfully remaining on the premises regardless of whether the entry was lawful. See Gratton v. State, 456 So.2d 865, 872 (Ala.Crim.App. 1984) (holding defendant is guilty of burglary provided he formed intent to commit another crime when he entered or while he remained unlawfully); Hewatt v. State, 216 Ga.App. 550, 455 S.E.2d 104, 106 (Ga.App.1995) (same); Stephens v. State, 232 Ga.App. 738, 503 S.E.2d 643, 644 (Ga.App.1998) (same); State v. Skelton, 247 Kan. 34, 795 P.2d 349, 359-60 (Kan.1990) (same); McCarthy v. Commonwealth, 867 S.W.2d 469, 471 (Ky.1993) (same); State v. Reams, 47 Or.App. 907, 616 P.2d 498, 504 (Or.Ct.App.1980) (affirming juvenile court’s refusal to give lesser included instruction on trespass where undisputed evidence showed that defendant had intent to commit assault when he unlawfully entered or remained in dwelling), aff'd, 292 Or. 1, 636 P.2d 913 (Or.1981); State v. DeNoyer, 541 N.W.2d 725, 732 (S.D.1995) (holding that requisite intent need not be formed at time of unlawful entry); State v. Rudolph, 970 P.2d 1221, 1228-29 (Utah 1998) (same).[4] I agree with the Utah Supreme Court’s statement:
[I]t does not necessarily follow that the “remaining unlawfully” provision is confined to those situations where the initial entry was lawful. We believe that such an interpretation would create an anomalous result. For instance, under [the defendant’s] interpretation of the statute, one who enters lawfully but then remains unlawfully and forms the intent to commit another felony, theft, or assault is guilty of burglary while one who enters unlawfully and thereafter forms that same intent is guilty only of trespass. We are unable to see the distinction between the two scenarios. In our view, the actor in the second scenario is at least as dangerous and culpable as the actor in the first.
Rudolph, 970 P.2d at 1229.
Notably, the burglary statutes in the foregoing jurisdictions are virtually identical to the statute at issue in this case. See Ala. Code §§ 13A-7-5 to 13A-7-7 (1998) (“[a] person commits the crime of burglary ... if he knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein”); Ga.Code Ann. § 16-7-l(a) (1998) (“[a] person commits ... burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another ... or enters or remains within any other building”); Kan.Crim.Code Ann. § 21-3715(a-c) (1997) (“[bjurglary is knowingly and without authority entering into or remaining within any ... structure which is [or is not] a dwelling [or other means of conveyance of persons or property], with intent to commit a felony, theft or sexual battery therein”); Ky.Rev.Stat. Ann. §§ 511.020(1), 511.030(1), 511.040(1) (Michie 1996) (“[a] person is guilty of burglary ... when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a building”); Or.Rev.Stat. § 164.215(1) (1997) (“a person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein”); S.D. Codified Laws §§ 22-32-1, 22-32-3, 22-32-8 (Michie 1998) (“[a]ny person who enters an occupied structure, with intent to commit any crime other than the act of shoplifting or retail theft ... or remains in an occupied structure after form *1246 ing the intent to commit any crime other than shoplifting or retail theft ... constituting a misdemeanor, is guilty of ... burglary”); In re T.J.E., 426 N.W.2d 23, 25 (S.D. 1988) (holding that the word “remains” in section 22-32-3 means to unlawfully remain in a structure); Utah Code Ann. § 76-6-202(1) (“[a] person is guilty of burglary if he enters or remains unlawfully in a building ... with intent to commit a felony or theft or commit an assault on any person”).
For the foregoing reasons, I would affirm the court of appeals’ determination that a defendant may form the requisite intent to commit a felony after an unlawful entry.
I am authorized to say that Chief Justice MULLARKEY and Justice SCOTT join in this dissent.

. I do not believe the common law of burglary to be relevant in the instant case because the common law did not include the “remains unlawfully” language at issue herein.

. Whereas our legislature did not approve the addition of the "remains unlawfully” language to the second degree burglary statute until June 2, 1971, the Licata case was issued on March 3, 1971.

. It is important to note that the New York Court of Appeals did not interpret the "remains unlawfully” language in its burglary statute until 18 years after our legislature adopted the same language. See People v. Gaines, 74 N.Y.2d 358, 547 N.Y.S.2d 620, 546 N.E.2d 913, 915 (N.Y.1989) (interpreting N.Y. Penal Law §§ 140.00 and 140.20). Therefore, the majority’s reliance on Gaines is also misplaced. See maj. op. at 1240.

. In contrast, only three states interpret the "remaining unlawfully” language to apply only when entry is lawful, as the majority presently urges. See Arable v. State, 699 P.2d 890, 894 (Alaska Ct.App.1985); People v. Collins, 53 Ill. App.3d 114, 11 Ill.Dec. 134, 368 N.E.2d 685, 688 (Ill.App.1977); People v. Gaines, 74 N.Y.2d 358, 547 N.Y.S.2d 620, 546 N.E.2d 913, 915 (N.Y.1989).