**Timothy MULDROW, Petitioner,**

v.

**Victor HERBERT, Superintendent, Attica Correctional Facility, Respondent.**

**No. 02–CV–6080L.**

United States District Court, W.D. New York.

Feb. 3, 2004.

---

Timothy Muldrow, Attica, NY, pro se.

Loretta S. Courtney, Monroe County District Attorney's Office, Rochester, NY, for Respondent.

## DECISION AND ORDER

LARIMER, District Judge.

## INTRODUCTION

Petitioner Timothy Muldrow ("Muldrow"), filed this petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Monroe County Court of two counts of second degree murder. For the reasons set forth below, Muldrow's § 2254 petition is denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 28, 1993, Muldrow participated in the execution-style murder of two people in their home. There was a third victim who survived after being shot in the face. The motivation for the killings was to silence witnesses to previous murders committed by a drug-dealing associate of Muldrow named Jerold Usher ("Usher").

Two days after the shootings, the police seized five guns and other contraband from Muldrow's apartment. Testing revealed that two of these guns fired the bullets that killed one of the victims, and bullets test-fired from a third gun were consistent with those used to shoot the other two victims.

Muldrow was indicted jointly with two of the three co-defendants, Raymond Stubbs ("Stubbs") and Anthony McGee ("McGee"), on two counts of murder in the second degree (New York Penal Law ("P.L.") §§ 125.25(1) and 20.00); two counts of felo-

ny murder (P.L. §§ 125.25(3) and 20.00); one count of attempted murder in the second degree (P.L. §§ 125.25, 110.00, and 20.00); and one count of assault (P.L. §§ 120.10 and 20.00).

Muldrow, Stubbs and Anthony were tried jointly. The fourth perpetrator, Thearthur Grimes ("Grimes"), was tried separately because he confessed to the police that he was present when the murders were committed and implicated Muldrow and McGee as the gunmen. After a jury trial in Monroe County Court, Muldrow was found guilty of two counts of felony murder and sentenced to indeterminate consecutive terms of imprisonment of 25 years to life on each count.

Muldrow appealed to the Appellate Division, Fourth Department, which unanimously affirmed his conviction on June 16, 2000. The Court of Appeals denied leave to appeal on September 20, 2000. This federal habeas corpus petition followed.

## DISCUSSION

■ Muldrow asserts two grounds for entitlement to habeas relief, both of which stem from his appellate counsel's alleged incompetence.[1] First, Muldrow faults counsel for failing to challenge on direct appeal the purported inconsistencies in the verdicts at his trial: McGee was acquitted of all counts of the indictment, Stubbs was convicted on all counts of the indictment, and Muldrow was convicted on the felony murder counts only. Muldrow claims that each co-defendant was required to be acquitted or convicted of the same counts of the indictment in order for the verdicts to be consistent.

---

1. Muldrow raised both of these claims in an application for a writ of error *coram nobis* which was summarily denied by the Fourth Department on April 27, 2001. *See* Petition, Docket ("Dkt.") # 1 at 8. Thus, the claims are exhausted and properly before this Court on habeas review.

 A claim for ineffective assistance of appellate counsel is evaluated by the same standard as is a claim of ineffective assistance of trial counsel. *Mayo v. Henderson,* 13 F.3d 528, 533.(2d Cir.), *cert. denied,* 513 U.S. 820, 115 S.Ct. 81, 130 L.Ed.2d 35 (1994) (citing *Claudio v. Scully,* 982 F.2d 798, 803 (2d Cir.1992), *cert. denied,* 508 U.S. 912, 113 S.Ct. 2347, 124 L.Ed.2d 256 (1993)). A petitioner alleging ineffective assistance of appellate counsel must prove both that appellate counsel was objectively unreasonable in failing to raise a particular issue on appeal, and that absent counsel's deficient performance, there was a reasonable probability that defendant's appeal would have been successful. *Mayo,* 13 F.3d at 533–34; *see also Smith v. Robbins,* 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000); *Aparicio v. Artuz,* 269 F.3d 78, 95 (2d Cir.2001).

 Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins,* 528 U.S. at 288, 120 S.Ct. 746 (citing *Jones v. Barnes,* 463 U.S. 745, 750–54, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)); *accord, e.g., Sellan v. Kuhlman,* 261 F.3d at 317 ("This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.") (citations omitted). The habeas court should not second-guess the reasonable professional judgments of appellate counsel as to the most promising appeal issues. *Jones,* 463 U.S. at 754, 103 S.Ct. 3308; *see also Jackson v. Leonardo,* 162 F.3d 81, 85 (2d Cir.1998). Thus, a petitioner may establish constitutionally inadequate performance only by showing that appellate counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo,* 13 F.3d at 533.

Muldrow's appellate counsel raised three important issues in a thorough appellate brief to the Fourth Department, crafting persuasive arguments as to why the consent to search Muldrow's apartment given by his brother was invalid and why the trial court abused its discretion in allowing David Crutcher ("Crutcher"), who suffered from schizophrenia, to testify at trial. These two issues in particular were of the utmost importance to Muldrow's case, since the ballistics evidence from the guns seized from his apartment, together with Crutcher's testimony, strongly linked him to the murder. In contrast, the repugnant verdict issue urged by Muldrow in this habeas petition was neither significant nor promising on appeal, and it was entirely reasonable for Muldrow's appellate counsel to omit it. Because Muldrow has failed to demonstrate that his appellate counsel's performance was unreasonable, he cannot meet the first prong of the standard by which ineffective assistance claims are judged.

 However, even if he could establish that his appellate counsel's lawyering was deficient, Muldrow has not demonstrated that he was prejudiced by the deficiency. Because Muldrow and his co-defendants were indicted and charged individually for the crimes of murder, as well as in accordance with accomplice liability pursuant to P.L. § 20.00,[2] it is clear that there were, in fact, no inconsistencies in the verdicts. Respondent correctly notes that the jury had to assess the evidence against each of three defendants

---

**2.** The third and fourth counts of the indictment, each charging murder in the second degree in violation of P.L. §§ 125.25 and 20.00, state that the defendant "while acting alone or with one or more persons, committed or attempted to commit...."

and make a separate determination of guilt as to each. The fact that the jury convicted two defendants and acquitted a third is of no legal significance. The jury may simply have believed that the evidence was stronger against the two defendants it found guilty, and not convincing as to the defendant (McGee) who was acquitted. Thus, the issue now raised by Muldrow is not persuasive, and he cannot establish prejudice from his appellate counsel's neglect in pursuing the issue because there was no "reasonable probability" that the omitted issue would have succeeded even had it been argued on appeal. *See Torres v. Irvin,* 33 F.Supp.2d 257, 267 (S.D.N.Y.1998) (even if petitioner could establish that appellate counsel's advocacy was deficient, he suffered no prejudice because no "reasonable probability" that the omitted claims would have succeeded) (citing *Mayo,* 13 F.3d at 534); *Angel v. Garvin,* 2001 WL 327150 at *10 (S.D.N.Y. Apr.3, 2001) (finding that petitioner could not establish prejudice as a result of appellate counsel's failure to raise non-meritorious claim based on insufficiency of the evidence).

■ Moreover, an allegedly inconsistent verdict does not present a constitutional violation. Therefore, such a claim is not even cognizable on habeas review. The Supreme Court explained in *United States v. Powell* that

> where truly inconsistent verdicts have been reached, the most that can be said ... is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt.... It is equally possible that the jury, convinced of guilt, properly reached its conclusion ... then through mistake, compromise, or lenity, arrived

at an inconsistent conclusion on the [other] offense.

469 U.S. 57, 58, 64–65, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (internal quotations and citation omitted); *see also Harris v. Rivera,* 454 U.S. 339, 345, 102 S.Ct. 460, 70 L.Ed.2d 530 (1981) ("Inconsistency in a verdict is not a sufficient reason for setting it aside."); *United States v. Acosta,* 17 F.3d 538, 544–45 (2d Cir.1994) ("Even assuming that the verdict against Acosta was inconsistent with the verdicts as to his codefendants, we find no basis for relief, for it has long been established that inconsistency in jury verdicts of guilty on some counts and not guilty on others is not a ground for reversal of the verdicts of guilty."); *Savage v. Berbary,* 1991 WL 147371 at *2 (W.D.N.Y. July 22, 1991) ("Alleged inconsistencies in state court verdicts are not a proper ground for federal habeas corpus intervention...."); *Billups v. Costello,* 1992 WL 170650 at *4 (S.D.N.Y. July 6, 1992) ("As long as a conviction is the result of a fair trial at which legally sufficient evidence has been adduced, its inconsistency with another verdict does not create a constitutional defect.").

■■ As his second ground for habeas relief, Muldrow claims that his appellate counsel was ineffective in failing to argue that he was improperly convicted of felony murder in light of the prosecution's alleged failure to prove a necessary element of burglary, the underlying felony charged in this case. Petitioner's Habeas Brief, Dkt. # 2 at 11. I find that this argument lacks merit and that counsel was justified in not raising it. Under New York law, all degrees of burglary require proof that the defendant "knowingly enter[ed] or remain[ed] unlawfully in a building with intent to commit a crime therein." *See, e.g.,* P.L. § 140.25. Muldrow complains that "the trial proof was absent as to that in-

tended crime," leaving "the jury to speculate as to the intended crime." Dkt. # 2 at 12. As respondent points out, the prosecution need not establish what particular crime the intruder intended to commit in order to satisfy the elements of burglary under New York law. Respondent's Habeas Brief, Dkt. # 5 at 8 (citing *People v. Mackey*, 49 N.Y.2d 274, 279, 425 N.Y.S.2d 288, 401 N.E.2d 398 (1980) (the New York Penal Law "definition of burglary is satisfied if the intruder's intent, existing at the time of the unlawful entry or remaining, is to commit any crime")); *accord People v. Gaines*, 74 N.Y.2d 358, 362 n. 1, 547 N.Y.S.2d 620, 546 N.E.2d 913 (1989).

 Moreover, it is not necessary for the intended crime to be committed. Rather, "the intent necessary can be inferred from the circumstances of the entry itself." *Mackey*, 49 N.Y.2d at 279, 425 N.Y.S.2d 288, 401 N.E.2d 398. Muldrow contends that the prosecution never proved that he entered the house. Dkt. # 2 at 12. Although the gunmen were wearing black hats and their faces were partially concealed by their clothing, there was more than adequate circumstantial evidence at trial placing Muldrow at the scene of the crime. Crutcher, who lived in an apartment commandeered by Stubbs, McGee and Muldrow to sell cocaine, *see* Tr. at 1265–73, 1301, overheard Muldrow and his associates planning to kidnap the witnesses to the murder committed by Usher, *see id.* at 1280–87. Crutcher paid a friend to steal a car for him which he in turn provided to the defendants.[3] *Id.* at 1293–1300. On the night of the murder, Stubbs showed Crutcher four guns in a bedroom at the apartment and said, " '[T]his is what we're going to use tonight.' " *Id.* at 1302–03. Later that evening, when the defendants left in search of

the witnesses, Crutcher observed Muldrow armed with one of the guns Stubbs had shown him earlier. About 45 minutes later, Crutcher testified that Stubbs returned to the apartment acting in an extremely emotional manner and demanded to know whether Muldrow, McGee or Grimes had called. *Id.* at 1316–19.

The ballistics evidence provided further corroboration linking Muldrow to the shootings. Testing of the bullets recovered at the scene established that two of the guns found in Muldrow's apartment fired the bullets that killed one of the victims. The bullets fired at the second murder victim and the wounded victim shot were consistent with having come from a third gun found in Muldrow's apartment. In addition, Muldrow fled when the police stopped the car in which he was riding, but was caught after a foot chase. His unprovoked flight from the authorities reasonably could be viewed by the jury as an indicator of guilt. *See United States v. Amuso*, 21 F.3d 1251, 1259 (2d Cir.) (jury could rationally infer that flight was indicative of guilty conscience), *cert. denied*, 513 U.S. 932, 115 S.Ct. 326, 130 L.Ed.2d 286 (1994); *Stone v. Stinson*, 121 F.Supp.2d 226, 243 (W.D.N.Y. 2000) (petitioner's flight from Buffalo to Virginia following shootings could properly be considered by the jury as indicative of guilt); *see also United States v. Malizia*, 503 F.2d 578, 582–83 (2d Cir.1974) ( "Evidence of flight, like any other circumstantial evidence, has consistently been admissible as evidence of guilt if considered with other facts of the case."), *cert. denied*, 420 U.S. 912, 95 S.Ct. 834, 42 L.Ed.2d 843 (1975).

There was ample testimony from which the jury could have inferred that Muldrow

---

3. Crutcher was deemed to be an accomplice as a matter of law based on his role in procuring the vehicle allegedly used by the defendants in their commission of the murders.

unlawfully entered the victims' home and intended to commit a crime while there. Consequently, the argument that the prosecution failed to prove all the elements of the burglary underlying the felony murder charge likely would not have succeeded on direct appeal. Appellate counsel thus acted reasonably in failing to raise it, and Muldrow was not prejudiced by the omission of this meritless argument from his appeal. I find that Muldrow was represented ably by the public defender on his direct appeal, and that his claims of ineffective assistance of appellate counsel are without merit.

## CONCLUSION

For the reasons stated above, Timothy Muldrow's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Muldrow has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. 28 U.S.C. § 2253. Further, I certify that any appeal from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a); *Coppedge v. United States*, 369 U.S. 438, 444, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

IT IS SO ORDERED.