(September 21, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN G. BIGWARFE, Appellant. [631 NYS2d 453] —Mercure, J.

Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered May 23, 1994, upon a verdict convicting defendant of the crimes of criminal trespass in the second degree and criminal mischief in the fourth degree.

Defendant's criminal conviction arose out of incidents that took place in the early morning hours of March 22, 1993 at the residence of Elmer Ashe and Barbara Ashe, parents of defendant's girlfriend, Jodie Keech. The Ashes were awakened by the sound of defendant arguing with Keech. When they asked defendant to leave, he responded by pushing, punching and kicking them and by clubbing them with their portable telephone, destroying the telephone in the process.

The primary contention advanced on appeal is that the trial evidence was legally insufficient to support defendant's conviction of criminal mischief in the fourth degree because it established his clear intent to use the telephone as a weapon and not to damage property of another person (see, Penal Law § 145.00 [1]). We disagree. In our view, testimony concerning defendant's efforts to prevent the Ashes from summoning help supported a finding that he intentionally disabled the telephone in order to keep them from calling the police. Thus, viewing the evidence in a light most favorable to the prosecution and bearing in mind that credibility is a matter to be determined by the trier of fact, we find that "the record contains evidence sufficient in quantity and quality to support the verdict[ ]" (People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932).

We have examined defendant's contention that he was denied the right to a speedy trial under CPL 30.30 and find it to be without merit (see, People v Harris, 82 NY2d 409, 413).

Cardona, P. J., Crew III, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.