■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE L. BOWEN, Appellant. [794 NYS2d 203]—

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered June 22, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and assault in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of burglary in the second degree and dismissing count three of the indictment and as modified the judgment is affirmed and the matter is remitted to Seneca County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]) and assault in the third degree (§ 120.00 [1]) arising out of an altercation between defendant and his longtime girlfriend at his girlfriend's home. We agree with defendant that the evidence is legally insufficient to support the burglary conviction, and thus we modify the judgment accordingly. According to the testimony of defendant's girlfriend, defendant entered her home with her permission on the night at issue and, indeed, she expected him to spend the night at her home. They began to argue over the course of the evening, however, and defendant repeatedly assaulted her with a telephone and his fists. We conclude that the conduct of defendant in assaulting his girlfriend even after she asked him to leave her home did not convert his status from that of a licensee to that of a trespasser who "remains unlawfully" on the premises within the meaning of the burglary statute (§ 140.25; *see People v Gaines*, 74 NY2d 358, 362-363 [1989]; *People v Konikov*, 160 AD2d 146, 152-153 [1990], *lv denied* 76 NY2d 941 [1990]).

Defendant further contends that the assault conviction is not supported by legally sufficient evidence. Defendant raised that contention for the first time when he moved to set aside the verdict pursuant to CPL 330.30 and thus failed to preserve his contention for our review (*see People v Padro*, 75 NY2d 820 [1990], *rearg denied* 75 NY2d 1005 [1990], *rearg dismissed* 81 NY2d 989 [1993]; *People v Chatman*, 6 AD3d 1129 [2004]) and, in any event, that contention lacks merit. The People presented evidence that, as a result of the assault, defendant's girlfriend

sustained at least eight bruises as well as a black and swollen eye, and she needed pain medication for three to four weeks following the assault. Thus, the evidence is legally sufficient to establish that she sustained a physical injury within the meaning of Penal Law § 10.00 (9) (*see People v Liggins*, 2 AD3d 1325, 1326 [2003]; *People v Goico*, 306 AD2d 828, 828-829 [2003]). Also contrary to the contention of defendant, the verdict convicting him of assault is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The sentence is not unduly harsh or severe. Present—Green, J.P., Scudder, Gorski, Pine and Lawton, JJ.