[803 NYS2d 225]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE GREEN, Appellant.

Third Department, October 20, 2005

## APPEARANCES OF COUNSEL

*John M. Scanlon*, Binghamton, for appellant.

*P. David Soares, District Attorney*, Albany (*William J. Conboy III* of counsel), for respondent.

## OPINION OF THE COURT

CARPINELLO, J.

Following a jury trial, defendant was found guilty of burglary in the second degree stemming from an incident at his sister's apartment on the afternoon of January 12, 2002.[1] We agree with defendant's contention that the evidence adduced at trial was legally insufficient to support the burglary conviction. The pertinent facts are as follows.

On the day in question, defendant attended a birthday party for his nephew at his sister's apartment. Although the two siblings had an argument earlier that day, it is undisputed that he was welcome in her home that afternoon for the party. While dancing and playing with the children, however, defendant became increasingly riled up and loud. His sister asked him to settle down on numerous occasions and finally asked him to leave a number of times.

Defendant indicated that he would not leave until he received a piece of birthday cake. She agreed and began cutting the cake. As she was cutting the cake, defendant continued in his unruly and irritating behavior, prompting her to turn around with her hands "wailing at him" and tell him that he was "not getting anything now" and that he "[had] to leave." An altercation then immediately broke out in which both of them had their hands on each other. Notably, according to defendant's sister, she does not know who grabbed who first.

During the course of the altercation, a table tipped over and defendant fell on top of his sister. He then began punching her and at one point tried to strike her with a floor lamp. After the scuffle itself ended, defendant proceeded to trash her apartment by knocking over furniture and breaking various items. The police arrived in response to a hang-up 911 call and defendant was ultimately indicted on two counts of burglary in the first degree and one count of criminal mischief in the third degree as a result of these events. No assault charge was ever brought.

To the extent that defendant claims that the elements of "physical injury" and "threatens the immediate use of a danger-

---

1. Although found guilty of criminal mischief in the fourth degree, defendant does not challenge this conviction on appeal.

ous instrument" were not established to support his burglary conviction, this argument completely misses the mark since neither was an element of the crime for which he was convicted.[2] Rather, Supreme Court charged the jury with burglary in the second degree pursuant to Penal Law § 140.25 (2), which only required proof that defendant unlawfully remained in his sister's dwelling, he did so knowingly and he did so with the intent to commit a crime. Fundamentally, no element of causing physical injury or threatening the use of a dangerous instrument was charged nor required for his conviction of this lesser included offense (see n 2, supra).

Nevertheless, the evidence adduced at trial was legally insufficient to establish that defendant intended to commit a crime when his sister ordered him to leave her apartment and he did not do so (see People v Bowen, 17 AD3d 1054 [2005], lv denied 5 NY3d 759 [2005]; People v Konikov, 160 AD2d 146 [1990], lv denied 76 NY2d 941 [1990]). The facts of this case are closely analogous to those at issue in People v Konikov (supra) wherein it was noted that " '[t]he purpose of the burglary statute is to protect against the specific dangers posed by entry into secured premises of intruders bent on crime' " (id. at 149, quoting People v Thompson, 116 AD2d 377, 380 [1986]). In Konikov, a stepson and stepmother were engaged in a verbal dispute in her vestibule during the course of which the stepson, after having been repeatedly asked to leave, punched his stepmother in the face, threw her to the ground and kicked her (People v Konikov, supra at 147-148). His conviction of burglary in the second degree was reversed by the Second Department. With respect to the People's theory in that case that the defendant "remaine[d] unlawfully" to commit an assault on his stepmother, the Second Department stated the following:

> "More fundamentally, we question whether the framers of the 'remains unlawfully' language intended to transform a misdemeanor assault into the more serious felony of burglary in the second degree, merely upon a showing that the complain-

---

**2.** The jury was charged with two counts of burglary in the first degree. The first count was based on the alleged physical injury to his sister (see Penal Law § 140.30 [2]) and the second count was based on his alleged use of the floor lamp as a dangerous instrument (see Penal Law § 140.30 [3]). Significantly, however, defendant was found not guilty of both of these counts by the jury. The jury then considered burglary in the second degree pursuant to Penal Law § 140.25 (2) as a lesser included offense and found defendant guilty of this crime.

ant, during a rapidly escalating verbal dispute, ordered the defendant to leave an apartment vestibule immediately prior to the assault. Such an expansive construction of the statutory term appears to be inconsistent with the purpose originally underlying its enactment" (*id.* at 152).

In another factually similar case, the Fourth Department, in reversing a conviction of burglary in the second degree, held "that the conduct of [the] defendant in assaulting his girlfriend even after she asked him to leave her home did not convert his status from that of a licensee to that of a trespasser who 'remains unlawfully' on the premises within the meaning of the burglary statute" (*People v Bowen, supra* at 1055). Similarly, we find that the circumstances in the case at bar do not fall within the intended scope and application of the "remains unlawfully" element of burglary in the second degree.[3]

Moreover, we conclude, as did the Second Department in *Konikov*, that "none of the factual incidents which preceded the assault sufficiently supports the inference that . . . defendant harbored the intent to assault [his sister] when she ordered him to leave [her apartment]" (*People v Konikov, supra* at 153). While the evidence, viewed in a light most favorable to the People, reveals that defendant's behavior escalated from unruly to enraged and that he was intent on staying at the party, his conduct does not support the inference that he contemporaneously intended to assault his sister merely because an altercation ensued.[4] Rather, "the reasonable inferences to be drawn from the events surrounding the assault are as consistent with the conclusion of spontaneously committed violence, if not more so, than they are with the People's speculative attempt to portray . . . defendant as an intruder bent upon assaulting [his sister] in her home" (*id.; see People v Jones*, 184 AD2d 383, 384 [1992]). Indeed, "[t]o sustain . . . defendant's conviction under the circumstances presented[ ] would be to impose liability for the crime of burglary merely because the assault was preceded by the victim's demand that [he] exit the premises" (*People v Konikov, supra* at 154).

---

**3.** As noted by the Court of Appeals in *People v Gaines* (74 NY2d 358, 362 [1989]), the prime example of a lawful entry that converts to "remains unlawfully" under the statute is a shoplifter who remains inside a store after closing.

**4.** It bears repeating that defendant's sister turned to defendant with her hands "wailing" just prior to the altercation and readily admitted that she was unable to state for sure if defendant grabbed her first.

However, the evidence was legally sufficient to establish criminal trespass in the second degree (*see* Penal Law § 140.15; *see generally People v Bigwarfe*, 219 AD2d 775 [1995], *lv denied* 88 NY2d 845 [1996]) and, thus, defendant's conviction of burglary in the second degree will be accordingly reduced.

CARDONA, P.J., MERCURE, CREW III and ROSE, JJ., concur.

Ordered that the judgment is modified, on the law, by reducing defendant's conviction for burglary in the second degree to criminal trespass in the second degree; vacate sentence imposed on said conviction and matter remitted to the Supreme Court for resentencing; and, as so modified, affirmed.