■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH RODRIGUEZ, Appellant. [890 NYS2d 735]—

Peters, J.

On June 12, 2007, defendant and codefendant Jack Vincent Johnson were arrested when Kahlil Williams reported that they had threatened him with a knife after he failed to pay a drug debt owed to Johnson. At that time, Williams also informed police that, two weeks earlier, defendant and Johnson had committed a burglary at the apartment that Williams shared with his girlfriend, Nancy Hunsinger. Defendant was thereafter indicted with burglary in the second degree and, by separate indictment, with criminal possession of a weapon in the third degree and menacing in the second degree. On the People's motion, and over defendant's objection, County Court consolidated the indictments. Following a jury trial, defendant was convicted of burglary in the second degree, but acquitted of the weapon possession and menacing charges.

Defendant challenges the legal sufficiency of the evidence supporting his burglary conviction, arguing that the People failed to prove that he intended to commit a crime at the time authorization to be in Hunsinger's apartment was revoked. A

person commits the crime of burglary in the second degree by remaining unlawfully in a dwelling with the intent to commit a crime therein (*see* Penal Law § 140.25 [2]). When burglary is predicated on unlawfully remaining, a defendant must have had the intent to commit a crime at the time authorization to be on the premises terminates (*see People v Gaines*, 74 NY2d 358, 363 [1989]; *People v Green*, 24 AD3d 16, 18 [2005]). Because the element of intent is subjective, it may be inferred from the circumstances of the case (*see People v Ostrander*, 46 AD3d 1217, 1218 [2007]; *People v Green*, 24 AD3d at 19; *People v Richards*, 290 AD2d 584, 586 [2002], *lv denied* 98 NY2d 654 [2002]).

Here, Hunsinger testified that defendant and Johnson appeared at her door looking for Williams. After informing them that Williams was not home, she permitted them to enter her apartment to talk. Once inside, Johnson stated that Williams owed him money and that he was going to take Hunsinger's property until he was repaid. Hunsinger then instructed defendant and Johnson to leave, but the two instead proceeded to remove property from the apartment and place it into a large truck. Defendant's assertion that he was unaware of Johnson's intent to take Hunsinger's property until the time when the property was actually taken is contradicted by the record, as the evidence established that he was present when Johnson informed Hunsinger of his intent to take her property and when Hunsinger requested that the two leave. Viewing this evidence in a light most favorable to the People, we find a valid line of reasoning and permissible inferences that could lead the jury to conclude that defendant harbored the intent to commit a crime at the time he was told to leave and failed to do so (*see People v Gaines*, 74 NY2d at 363; *compare People v Green*, 24 AD3d at 18-19; *People v Konikov*, 160 AD2d 146, 152-154 [1990], *lv denied* 76 NY2d 941 [1990]).

Nor are we persuaded that defendant's conviction is against the weight of the evidence. Where, as here, a different verdict would not have been unreasonable, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks and citations omitted]; *see People v Danielson*, 9 NY3d 342, 348 [2007]). Although Hunsinger did not immediately report the burglary and also signed a written statement that no burglary had occurred, she explained that Williams told her that he would take care of the situation, causing her to forgo reporting the offense, and that she signed the statement after being informed by Johnson's

girlfriend that her belongings would be returned if she did so. Further, contrary to defendant's suggestion, the fact that Johnson's plea agreement may have been contingent upon him testifying against defendant does not render his testimony unworthy of belief (*see People v Vargas*, 60 AD3d 1236, 1238 [2009], *lv denied* 13 NY3d 750 [2009]). Notably, these matters were thoroughly explored during the trial. Mindful that "issues of credibility and the weight accorded to evidence are matters to be resolved by the jury" (*People v Doherty*, 37 AD3d 859, 860 [2007], *lv denied* 9 NY3d 843 [2007]; *see People v Hargett*, 11 AD3d 812, 814 [2004], *lv denied* 4 NY3d 744 [2004]), and evaluating the evidence in a neutral light while according due deference to the jury's credibility determinations (*see People v Portee*, 56 AD3d 947, 949-950 [2008], *lv denied* 12 NY3d 820 [2009]; *People v Gilliam*, 36 AD3d 1151, 1152-1153 [2007], *lv denied* 8 NY3d 946 [2007]), we conclude that the verdict was not contrary to the weight of the evidence.

Finally, we reject defendant's contention that County Court erred in consolidating the two indictments. It is within the trial court's discretion to join multiple offenses, "even though based on separate and distinct criminal transactions, . . . if they are of such a nature that proof of either offense would be material and admissible as evidence-in-chief upon the trial of the other" (*People v Bongarzone*, 69 NY2d 892, 895 [1987]; *see* CPL 200.20 [2] [b]; *People v Griffin*, 26 AD3d 594, 594-595 [2006], *lv denied* 7 NY3d 756 [2006]; *People v Torra*, 309 AD2d 1074, 1075 [2003], *lv denied* 1 NY3d 581 [2003]). Here, evidence related to the burglary charge was relevant and admissible to show defendant's motive and intent with respect to the menacing and weapon possession charges (*see People v Bongarzone*, 69 NY2d at 895; *People v Flowers*, 245 AD2d 1088, 1088 [1997], *lv denied* 91 NY2d 972 [1998]). Furthermore, the fact that the jury acquitted defendant of the weapon possession and menacing charges is strong evidence that the jury separately considered the proof as to the two incidents and that defendant was not actually prejudiced by the joinder (*see People v Nickel*, 14 AD3d 869, 870 [2005], *lv denied* 4 NY3d 834 [2005]; *People v Monte*, 302 AD2d 687, 688 [2003]; *People v Kelly*, 270 AD2d 511, 512-513 [2000], *lv denied* 95 NY2d 854 [2000]).

Cardona, P.J., Kane, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.