(October 19, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY SWINSON, Appellant. [61 NYS3d 885]—

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered April 25, 2013, convicting defendant, after a jury trial, of burglary in the first degree, robbery in the second degree, criminal mischief in the third degree and assault in the third degree, and sentencing him, as a second felony offender, to an aggregate term of nine years, unanimously modified, on the law, to the extent of vacating the burglary conviction and dismissing that count of the indictment, and otherwise affirmed.

The evidence adduced at trial was legally insufficient to support defendant's conviction of burglary in the first degree. Even viewed in the light most favorable to the People, the evidence did not support an inference that defendant harbored the intent to commit a crime "contemporaneous with the entering or remaining" in the premises (*see People v Jones*, 184 AD2d 383, 384 [1st Dept 1992]).

Testimony established that defendant and complainant wife married in August 2008. While the couple listed the residence as their address, defendant did not reside there on a permanent basis and was not a tenant of record. On the day of the incident, after being allowed into the premises the night before, when asked to leave the premises, defendant refused to do so, assaulted the complainant and damaged property in the premises.

Defendant does not assert that he had a right to be in the marital residence and concedes that his prior license to be in the premises is not dispositive of his right to be there at the time of the incident. Defendant argues, however, that he could not be deemed to have committed burglary where the request to leave and subsequent assault was part of an escalating dispute. We agree.

A person is guilty of burglary in the first degree when he or she "knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein" and "[c]auses physical injury to any person who is not a participant in the crime" (Penal Law § 140.30 [2]).

"The purpose of the burglary statute is to protect against the specific dangers posed by entry into secured premises of intruders bent on crime" (*People v Thompson*, 116 AD2d 377, 380 [2d Dept 1986]). The " 'remains unlawfully' language" was "principally intended to address circumstances involving an 'unauthorized remaining in a building after lawful entry' " (*People v Konikov*, 160 AD2d 146, 152 [2d Dept 1990], *lv denied* 76 NY2d 941 [1990], citing *People v Gaines*, 74 NY2d 358, 362 [1989]).

Here, the evidence, viewed in the light most favorable to the People, does not support the inference that defendant harbored the intent to assault the complainant when she ordered him to leave. Rather, a reasonable inference to be drawn from the events surrounding the assault is that defendant spontaneously committed violence, which does not fall within the intended scope of the burglary statute (*see People v Green*, 24 AD3d 16, 18-19 [3d Dept 2005]; *People v Bowen*, 17 AD3d 1054, 1055 [4th Dept 2005], *lv denied* 5 NY3d 759 [2005]). In light of the foregoing, we need not reach defendant's remaining argument. Concur—Acosta, P.J., Renwick, Webber, Oing and Moulton, JJ.