People v Gates (2019 NY Slip Op 02828)





People v Gates


2019 NY Slip Op 02828


Decided on April 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2019

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


8997 4805/16

[*1]The People of the State of New York, Respondent,
v
Keenan Gates, Defendant-Appellant.


Law Offices of Lawrence H. Schoenbach, New York (Lawrence H. Schoenbach of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Victoria Muth of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered October 26, 2017, convicting defendant, after a jury trial, of burglary in the first degree, coercion in the first degree, criminal obstruction of breathing or blood, assault in the third degree (two counts) and strangulation in the second degree, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.
We reject defendant's arguments concerning the sufficiency and weight of the evidence supporting his burglary conviction (see People v Danielson, 9 NY2d 342, 348-349 [2007]). The evidence supports inferences that after the victim revoked any license that defendant may have had to be in her apartment, defendant remained unlawfully with the contemporaneous intent to commit a crime (see generally People v Gaines, 74 NY2d 358, 363 [1989]). This was not a case like People v Swinson (154 AD3d 533 [1st Dept 2017]) and the similar cases cited therein, where a defendant who, during an argument, spontaneously attacked a victim upon being told to leave the premises was found not to have committed burglary. Here, there was an extended encounter, during which defendant refused to leave, menaced the victim and threatened to kill her, before he ultimately attacked her. The jury could have reasonably inferred, particularly in light of defendant's prior similar acts of domestic violence against the victim (see People v Melendez, 206 AD2d 270, 271 [1st Dept 1994], lv denied 84 NY2d 870 [1994]), that he remained in the apartment with criminal intent.
Defendant's challenge to the court's response to a jury note regarding the intent element of burglary is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. The supplemental charge was correct as a whole, as was the main charge, and the court's slight misstatement of the law in the
supplemental charge could not have misled the jury (see People v Umali, 10 NY3d 417, 426-427 [2008], cert denied 556 US 1110 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2019
CLERK