People v Byrd (2023 NY Slip Op 01384)

People v Byrd

2023 NY Slip Op 01384

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, BANNISTER, AND OGDEN, JJ.

74 KA 19-01038

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES BYRD, DEFENDANT-APPELLANT. 

ANGELA KELLEY, ALBANY, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered February 14, 2019. The judgment convicted defendant upon a jury verdict of burglary in the second degree and criminal mischief in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law
§ 140.25 [2]) and criminal mischief in the third degree (§ 145.05 [2]). The conviction arises from an indictment based upon allegations that defendant broke into and vandalized the home of his girlfriend's mother. Defendant was also charged, in a separate indictment, with assault in the second degree (§ 120.05 [2]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]), based upon allegations that he assaulted the girlfriend's brother approximately three months later.
Before trial, the People moved to consolidate the indictments for trial, based on the theory that the crimes charged in both indictments were motivated by an ongoing feud between defendant and his girlfriend's family. We reject defendant's contention that County Court abused its discretion in granting that motion (see People v Bankston, 63 AD3d 1616, 1616 [4th Dept 2009], lv denied 14 NY3d 885 [2010]; see generally People v Lane, 56 NY2d 1, 8 [1982]). Evidence related to the burglary charge was relevant and admissible to show defendant's motive with respect to the charges arising from the assault, and the offenses therefore were joinable under CPL 200.20 (2) (b) (see People v Davey, 134 AD3d 1448, 1451 [4th Dept 2015]; People v Rodriguez, 68 AD3d 1351, 1353 [3d Dept 2009], lv denied 14 NY3d 804 [2010]; People v Burroughs, 191 AD2d 956, 956-957 [4th Dept 1993], lv denied 82 NY2d 715 [1993]). Defendant did not show that he would be prejudiced by the consolidation (see People v Torra, 309 AD2d 1074, 1075 [3d Dept 2003], lv denied 1 NY3d 581 [2003]; see generally People v Ward, 104 AD3d 1323, 1323 [4th Dept 2013], lv denied 21 NY3d 1011 [2013]). Indeed, the fact that the jury acquitted defendant of the charges arising from the assault allegations is strong evidence that he was not prejudiced by the consolidation (see Ward, 104 AD3d at 1323-1324; Rodriguez, 68 AD3d at 1353).
Defendant's contention that screenshots of text messages between him and the girlfriend's mother were admitted without proper foundation is unpreserved for our review because defendant failed to object to the admission of that evidence at trial (see People v Richardson, 162 AD3d 1328, 1330 [3d Dept 2018], lv denied 32 NY3d 1128 [2018]). In any event, defendant's contention lacks merit. We conclude that the People laid a proper foundation for the admission of the evidence, inasmuch as the girlfriend's mother testified that "all of the screenshots offered by the People fairly and accurately represented text messages sent to and from defendant's phone" (People v Rodriguez, 38 NY3d 151, 155 [2022]).
We further conclude that the evidence is legally sufficient to support the conviction and, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although defendant contends that the testimony of the girlfriend's mother was incredible as a matter of law, we note that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (People v Delacruz, 193 AD3d 1340, 1341 [4th Dept 2021], lv denied 38 NY3d 926 [2022] [internal quotation marks omitted]), and we see no reason to disturb the jury's resolution of those issues. 
Defendant's sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court