People v Warren (2024 NY Slip Op 50016(U))

[*1]

People v Warren (Gordon)

2024 NY Slip Op 50016(U)

Decided on January 11, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 11, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570327/18
The People of the State of New York, Respondent, 
against
Gordon Warren, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Beth Beller, J., at consolidation motion; Laurence E. Busching, J., at trial and sentencing), rendered February 13, 2018, after a jury trial, convicting him of assault in the third degree, criminal obstruction of breathing or blood circulation, and harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Beth Beller, J., at consolidation motion; Laurence E. Busching, J., at trial and sentencing), rendered February 13, 2018, affirmed.
The court providently exercised its discretion in granting the People's motion to consolidate two informations pursuant to CPL 100.45(1) and 200.20(2)(b). Evidence relating to the acts of domestic violence charged in the first information, which resulted in the issuance of an order of protection, was relevant and admissible in the second, charging defendant with further acts of domestic violence and criminal contempt, to establish the basis for the issuance of the order of protection (see People v Till, 87 NY2d 835, 837 [1995]) and defendant's motive and intent (see People v Bongarzone, 69 NY2d 892, 895 [1987]; see also People v Dorm, 12 NY3d 16, 19 [2009]. Defendant failed to show that he would be prejudiced by the consolidation (see People v Lane, 56 NY2d 1, 8 [1982]). Defendant's contention that he wished to testify on one docket but remain silent on the other was conclusory and unconvincing (see id.; People v Wright, 300 AD2d 191, 192 [2002], lv denied 99 NY2d 634 [2003]). Furthermore, the fact that the jury acquitted defendant of one of the strangulation counts under the first information and all of the counts under the second information provides "strong evidence that he was not prejudiced by the consolidation" (People v Byrd, 214 AD3d 1321-1322 [2023], lv denied 40 NY3d 927 [2023]) and that the jury was able to segregate the evidence as it related to each charge (see People v McNeil, 39 AD3d 206, 207-208 [2007], lv denied 13 NY3d 861 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 11, 2024